IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**RANDY WILSON,**

    **Plaintiff,**

**vs.**                                                                                          **CASE NO. 4:08cv199-RH/AK**

**SGT. DOUGLAS WALLACE, et al,**

    **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, submitted an amended civil rights complaint alleging claims of retaliation by Defendants for filing grievances which consisted of extra work duties. (Doc. 6).

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> . . . if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had *at least* three prior prisoner actions dismissed within this District on the grounds that they failed to state a claim or were an abuse of process. The dismissed cases include: Case Nos. 3:98cv22-RV and 4:08cv203-SPM (dismissed for

<br>

failure to state a claim) and No. 3:98cv238-RV (dismissed as malicious for abuse of the judicial process).

The instant complaint has been reviewed and it has been determined that Plaintiff's allegations of retaliation do not bring him within the "imminent danger" exception.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis*.  Furthermore, because Plaintiff did not pay the filing fee at the time he submitted this civil rights action, this case must be dismissed.  The Eleventh Circuit Court of Appeals has clarified that the proper procedure in such a situation is not to give the inmate time in which to pay the fee, rather dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).  Thus, this case must be dismissed under 28 U.S.C. § 1915(g).

In light of the foregoing, it is respectfully **RECOMMENDED** that the Court's previous Order granting leave to proceed IFP (doc. 5) be **VACATED**, and this case be **DISMISSED** under 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Gainesville, Florida, this  *21st*  day of October, 2008.

        *s/ A. KORN BLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**